IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **COREY DESHAUN COLLINS,** | ) | |
| ID # 56800-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:21-CV-155-N-BH |
| vs. | ) | No. 3:18-CR-47-N |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 22, 2021 (doc. 1). Based on the relevant filings and applicable law, the motion should be construed as a petition under 28 U.S.C. § 2241 and **DISMISSED** for lack of jurisdiction, and any claims under § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.

### I.   BACKGROUND

On January 23, 2018, Corey Deshaun Collins (Movant), a current inmate in the federal prison system, was charged by indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  (*See* doc. 1.)[2]  He pled guilty to the single-count indictment on July 5, 2018.  (*See* docs. 18, 20.) By judgment entered March 1, 2019, he was sentenced to 36 months' imprisonment, to be followed by a 2-year term of supervised release.  (*See* doc. 38.)  The judgment provided that his federal sentence was to run concurrently with the sentence in Case No. F-1757681, and consecutively to any sentence imposed in Case No. F-

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:18-CR-47-N.

1671088, which were both pending in Dallas County Criminal District Court #1. (*Id.*) Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit.

Movant now seeks credit on his sentence for the time he has served, including back time. (*See* No. 3:21-CV-155-N-BH, doc. 1 at 4.)

## II.   NATURE OF SUIT

Movant seeks relief under 28 U.S.C. § 2255.

A motion to vacate under § 2255 is the appropriate vehicle for challenging the validity of a federal conviction and sentence, including claims of error that occurred at the time of sentencing. *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Movant is not challenging the validity of his federal sentence, but rather the Bureau of Prisons' (BOP) calculation of the sentence. A writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Id*. Claims challenging the execution of a sentence, including a challenge to the BOP's calculation of a sentence, "are not cognizable in § 2255 proceedings but must be addressed as habeas petitions under 28 U.S.C. § 2241." *United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990); *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (petitions under § 2241 are used to attack the manner in which a sentence is executed); *Pack*, 218 F.3d at 451. Movant's challenge to the calculation of his sentence is therefore not cognizable under § 2255 and is properly construed as arising under § 2241.

## III.   JURISDICTION

To entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001); *Gabor*, 905 F.2d at 77; *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978). Jurisdiction

over a § 2241 petition is in the district in which the petitioner is incarcerated. *Lee v. Wetzel*, 244 F.3d at 373. Petitioner is presently confined in the Lufkin Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(6). This Court therefore lacks jurisdiction to entertain his § 2241 petition. *See Lee*, 244 F.3d at 373-74. Because his motion states that he already has a § 2241 petition pending in that court, his filing should not be transferred to the Eastern District of Texas.

### IV.   RECOMMENDATION

The *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 22, 2021 (doc. 1), should be construed as a petition under § 2241 and **DISMISSED** for lack of jurisdiction, and any claims under § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.[3]

**SIGNED this 27th day of January, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent Movant's filing may be construed as asserting a claim cognizable under § 2255, any such claim is time-barred under the "'1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under" § 2255. *Dodd v. United States*, 545 U.S. 353, 354 (2005). His conviction became final on March 15, 2019, when the fourteen-day period for appealing his criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). Because he has not alleged any facts to support a later date under § 2255(f) or equitable tolling of the limitations period, he had until March 15, 2020 to file his § 2255 motion. Because his motion was not filed until over 10 months later, any claims that may be construed as cognizable under § 2255 should be denied with prejudice as barred by the statute of limitations.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE