IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COREY DESHAUN COLLINS,<br>    ID # 56800-177,<br>        Movant, | )<br>)<br>)<br>) |
| vs. | )    No. 3:21-CV-155-N-BH<br>)    No. 3:18-CR-47-N<br>) |
| UNITED STATES OF AMERICA,<br>        Respondent. | )<br>) |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.  For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 22, 2021 (doc. 1), is construed as a petition under 28 U.S.C. § 2241 and **DISMISSED** for lack of jurisdiction.  To the extent the movant alleges any claims under § 2255, those claims are **DENIED** with prejudice as barred by the statute of limitations.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the movant is **DENIED** a Certificate of Appealability on any claims under § 2255.[1]  The Court adopts and incorporates by

---

[1] A certificate of appealability (COA) is not required for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241.  *See Padilla v. United States*, 416 F. 424, 425 (5th Cir. 2005).

reference the Magistrate Judge's Findings, Conclusions, and Recommendation in support of its finding that the movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event that the movant files a notice of appeal, he must pay the $505.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SIGNED this 8th day of March, 2021.**

UNITED STATES DISTRICT JUDGE

---

[2] Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, as amended effective on December 1, 2019, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability. These rules do not extend the time to appeal the original judgment of conviction.